1  JAY S. ROTHMAN & ASSOCIATES
   JAY S. ROTHMAN, ESQ.
2  State Bar Number 49739
   21900 Burbank Blvd., Suite 210
3  Woodland Hills, California 91367
   Tel. (818) 986-7870
4  Fax  (818) 990-3019

5  Attorney for Plaintiff
   ANDREW GOODEARL
6

7           **UNITED STATES DISTRICT COURT OF CALIFORNIA**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

10  ANDREW GOODEARL,                    ) CASE NO.  2:17-cv-1048 PA (SSx)
                                        )
11              Plaintiff,              ) **FIRST AMENDED COMPLAINT**
                                        ) **FOR DAMAGES**
12  vs.                                 )
                                        ) 1.   WRONGFUL
13  HELD PROPERTIES, INC., a            )      CONSTRUCTIVE
    California Corporation; and DOES 1  )      TERMINATION IN
14  through 50, Inclusive,              )      VIOLATION OF PUBLIC
                                        )      POLICY (*Government
15                                      )      Code* §12940, et seq.);
                Defendants.            ) 2.   HARASSMENT BASED
16                                      )      UPON DISABILITY
                                        )      (*Government Code* §12940, et
17  _____ )      seq.);
                                          3.   DISCRIMINATION BASED
18                                             UPON DISABILITY
                                               (*Government Code* §12940, et
19                                             seq.);
                                          4.   FAILURE TO
20                                             ACCOMMODATE
                                               (*Government Code* §12940(k)
21                                             and (m));
                                          5.   FAILURE TO ENGAGE IN
22                                             THE INTERACTIVE
                                               PROCESS (*Government Code*
23                                             §12926.1(e));
                                          6.   RETALIATION (*Government
24                                             Code* §12940, et seq.);
                                          7.   FAILURE TO TAKE ALL
25                                             REASONABLE STEPS TO
                                               PREVENT HARASSMENT,
26                                             DISCRIMINATION and
                                               RETALIATION (*Government
27                                             Code* §12940, et seq.);
                                          8.   INTENTIONAL INFLICTION
28                                             OF EMOTIONAL DISTRESS;
                                          9.   VIOLATION OF

CALIFORNIA FAMILY
RIGHTS ACT

**[DEMAND FOR JURY TRIAL]**

**<u>STATEMENT OF FACTS</u>**

1.      Plaintiff ANDREW GOODEARL (hereinafter "plaintiff") was employed by defendant HELD PROPERTIES, INC., a California corporation (hereinafter "defendant HELD").

2.      Plaintiff began working for defendant HELD in or around 2014 in the position of Director of Property Management/Operations.

3.      During his employment, plaintiff was an exemplary employee.  As such, his responsibilities increased and he received good performance reviews.

4.      In or around 2016, plaintiff began to suffer from psychiatric issues. He sought medical treatment.  Due to his psychiatric issues, his doctor rendered him disabled, as that term is defined by law.  Plaintiff's doctor allowed plaintiff to remain working. However, he needed the following accommodation: leave one-half hour early in order to attend therapy sessions.  Plaintiff provided defendant HELD's supervisory and managerial employees, including Robert D. Held (President), with a doctor's note setting forth his disability and needed accommodation.

5.      At all times, plaintiff informed defendant HELD's supervisory and managerial employees, including Mr. Held, of his disability and needed accommodation.

6.      Defendant HELD never engaged in the interactive process and never provided plaintiff with accommodations he needed.

7.      Defendant HELD's supervisory and managerial employees disclosed plaintiff's disability to all employees.  Thereafter, plaintiff was harassed and discriminated against by defendant HELD's supervisory employees and co-employees.  Said harassment and discrimination included, but was not limited to,

FIRST AMENDED COMPLAINT

1   docking his pay and spreading rumors about plaintiff's condition, such as plaintiff

2   had been arrested, he was using cocaine, he was having an affair, and he is

3   mentally ill.

4       8.    The harassment and discrimination bothered plaintiff and he

5   complained to defendant HELD's supervisory and managerial employees.  Thus,

6   defendant HELD knew of the actions of its employees.  However, defendant

7   HELD did nothing in response to plaintiff's complaints.  Therefore, the response

8   by defendant HELD was insufficient because it did not stop the wrongful behavior

9   by its employees.

10      9.    Defendant HELD created a hostile work environment for plaintiff by

11  engaging in the acts enumerated above.  Defendant HELD created a hostile work

12  environment for plaintiff by allowing its employees to continually engage in the

13  acts enumerated above and by allowing these individuals to continue these acts.

14  The response of defendant HELD to plaintiff's complaints was plainly insufficient

15  because it did not stop the wrongful behavior by defendant HELD' employees.

16      10.    Due to his disability, plaintiff's doctor released him from work

17  beginning April 3, 2016.  Plaintiff provided defendant HELD's supervisory and

18  managerial employees, including Mr. Held, with a physician's note releasing him

19  from work.   Immediately thereafter, defendant HELD's supervisory and

20  managerial employees discriminated against plaintiff due to his disability and

21  retaliated against him for complaining of harassment and discrimination.  Said

22  discrimination and retaliation included, but was not limited to, taking plaintiff's

23  company key and key card, disconnecting his phone, placing him on unpaid

24  suspension, withholding his pay, discontinuing his health benefits, demanding a

25  toxicology report, calling his house at all hours of the day and night, and accusing

26  him of sexual harassment, using drugs and having sex in the office.

27      11.    By July 2016, plaintiff could no longer endure the harassment,

28  discrimination and retaliation he was being subjected to on a daily basis.   He

FIRST AMENDED COMPLAINT

could no longer endure defendant HELD's refusal to stop the harassment, discrimination and retaliation.  No competent, reasonable and diligent employee would remain at a job if he or she were subjected to that which plaintiff was subjected to.  In addition, the conduct was humiliating to plaintiff and he found it difficult to get his work done in such an environment.  Therefore, in July 2016, plaintiff was forced to quit.  He quit his employment because the working conditions were so intolerable and that he would rather resign than be subjected to the conduct he was subjected to.

12.    At all times during his employment, plaintiff informed defendant HELD of his disability.  At no time prior to his constructive termination did defendant HELD engage in the interactive process to determine if plaintiff would be able to return to work with or without restriction and/or whether or not he would need accommodation.

13.    At no time did defendant HELD advise plaintiff of his rights under the California Family Rights Act ("CFRA").

14.    Plaintiff filed a claim with the California Department of Fair Employment and Housing ("DFEH"), pursuant to California *Government Code* §12965(b) and the California Fair Employment and Housing Act ("FEHA").  Plaintiff filed such claim in a timely fashion and received a "right-to-sue" letter.  Attached as Exhibit A and incorporated herein by reference is a true and correct copy of the claim against defendant and the "right-to-sue" letter received.

## **GENERAL ALLEGATIONS**

15.    This is a complaint by an individual for damages arising out of the outrageous, oppressive and intrusive conduct of all defendants.  Plaintiff seeks compensatory and punitive damages.

16.    The true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will ask leave of the Court to amend

1   this Complaint to show their true names and capacities when same have been

2   ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of

3   the defendants, herein designated as a DOE, proximately caused the injuries and

4   damages to plaintiff as hereinafter alleged.  (Defendant HELD and DOES 1

5   through 50, inclusive, are collectively referred to as "defendants.")

6          17.    Plaintiff is informed and believes, and thereon alleges, that each of

7   the defendants designated herein as a DOE is legally responsible in some manner

8   for the events and happenings herein referred to, and negligently, wantonly,

9   recklessly, tortiously and/or unlawfully proximately caused the injuries and

10  damages thereby to plaintiff as herein alleged.

11         18.    At all times mentioned herein, defendant HELD was an employer

12  located at 1880 Century Park East, Suite 500, Los Angeles, California 90067-

13  1600.

14         19.    At all times mentioned herein, defendant HELD was authorized to do

15  business in California.

16         20.    At all times herein mentioned, DOES 1 through 50 were individuals

17  in supervisory positions at defendant HELD's place of employment and citizens

18  of the State of California.  At all times herein mentioned, DOES 1 through 50 were

19  acting in the course and scope of their employment at defendant HELD' place of

20  employment.

21         21.    At all times herein mentioned, plaintiff was an individual who resided

22  in the City of Northridge, County of Los Angeles, State of California, and an

23  employee of defendant HELD and was and is a citizen of the State of California.

24         22.    The conduct complained of herein was ratified in the County of Los

25  Angeles, State of California.

# FIRST CLAIM FOR RELIEF

## WRONGFUL CONSTRUCTIVE TERMINATION
## IN VIOLATION OF PUBLIC POLICY

(*Government Code* §12940, et seq.)

**(Against Defendant HELD and DOES 1-50)**

23.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Wrongful Constructive Termination in Violation of Public Policy.

24.    At all times relevant herein, defendants were employers as that term is defined in California *Government Code* §12926, et seq., and as such, were barred from discriminating in employment decisions.

25.    Plaintiff alleges that the terms and conditions of his employment and his constructive termination was in violation of the public policy of the State of California which specifically prohibits defendants from discriminating against plaintiff on the basis of his disability.  Plaintiff was disabled as that term is defined by the *Government Code* and a protected person.  Defendants did discriminate against plaintiff on the basis of disability.

26.    Defendants violated that public policy by discriminating against and constructively terminating plaintiff on the basis of his disability.

27.    The above acts of defendants constituted a wrongful constructive termination of plaintiff and was in violation of public policy as described above. Such termination was a substantial factor in causing damage and injury to plaintiff set forth below.

28.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12940, et seq., and/or any other provision of law providing for prejudgment interest.

29.    Plaintiff further has incurred additional expenses in his efforts to

1  regain employment, all to his damage in an amount according to proof at the time

2  of trial.

3       30.    As a direct and proximate result of the aforementioned wrongful

4  conduct of defendants, plaintiff will suffer additional loss of earnings, reduced

5  earning capacity in the future, and other incidental and consequential damages in

6  an amount according to proof at the time of trial.

7       31.    Plaintiff incurred expenses herein for necessary and reasonable

8  attorneys' fees in order to enforce his rights and to obtain benefits due him, all to

9  his further damage in an amount according to proof.

10      32.    As a proximate result of the conduct complained of herein, plaintiff

11  suffered and continues to suffer embarrassment, humiliation, emotional distress,

12  mental anguish and severe shock to his nervous system, and thereby sustained

13  serious injuries to his physical and mental health, strength and activity, causing

14  him extreme physical and emotional pain, all to his general damage in such amount

15  as may be proven.  Said amount is within the jurisdiction of the Superior Court of

16  the State of California.

17      33.    As a direct and proximate result of the aforementioned wrongful

18  conduct of defendants, plaintiff incurred medical expenses, the exact nature and

19  extent of which are unknown to plaintiff at this time and plaintiff will ask leave of

20  court to amend this complaint in this regard when the same have been ascertained.

21      34.    As a direct and proximate result of the aforementioned wrongful

22  conduct of defendants, plaintiff will be required to incur additional future medical

23  expenses all to his further damage in an amount to be proven at trial.

24      35.    Because the acts taken toward plaintiff were carried out in a

25  deliberate, cold, callous and intentional manner in order to injure and damage

26  plaintiff, plaintiff requests the assessment of punitive damages against defendants

27  in an amount appropriate to punish and make an example of defendants.

28      Wherefore, plaintiff prays for judgment against defendants as hereinafter set

1  forth.

2  ## SECOND CLAIM FOR RELIEF

3  ### HARASSMENT BASED UPON DISABILITY

4  (*Government Code* §12940, et seq.)

5  **(Against Defendant HELD and DOES 1-50)**

6      36.    The allegations of the Statement of Facts and preceding paragraphs

7  are realleged and incorporated herein by reference except where to do so would be

8  inconsistent with pleading a cause of action for Harassment Based Upon

9  Disability.

10      37.    FEHA prohibits harassment in employment. FEHA additionally

11  requires an employer which learns about harassment to conduct an immediate and

12  effective investigation and to provide remedies if needed.

13      38.    When defendants, and each of them, engaged in the acts alleged in

14  this Complaint, they created a hostile work environment on the basis of plaintiff's

15  disability. Defendants further failed to conduct an effective investigation, failed

16  to provide meaningful remedies to make whole the victim and failed to ensure that

17  harassment does not occur again.

18      39.    When plaintiff advised defendants of the acts alleged in this

19  Complaint, defendants had a duty to conduct an effective investigation and to

20  provide effective remedies. When defendants failed to do so, they violated their

21  affirmative duty to plaintiff under *Government Code* §12940, et seq.

22      40.    As a proximate result of the aforesaid acts of defendants, plaintiff has

23  foreseeably suffered and continues to suffer substantial loss of earnings and

24  employment benefits in an amount according to proof at the time of trial. Plaintiff

25  claims such amount as damages together with prejudgment interest pursuant to

26  *Government Code* § 12945, et seq., and/or any other provision of law providing

27  for prejudgment interest.

28      41.    Plaintiff further has incurred additional expenses in his efforts to

regain employment, all to his damage in an amount according to proof at the time of trial.

42.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

43.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

44.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

45.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

46.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

47.    Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set

1  forth.

2  <u>**THIRD  CLAIM FOR RELIEF**</u>

3  **DISCRIMINATION BASED UPON DISABILITY**

4  (*Government Code* §12940, et seq.)

5  **(Against Defendant HELD and DOES 1-50)**

6  48.     The allegations of the Statement of Facts and preceding paragraphs

7  are realleged and incorporated herein by reference except where to do so would be

8  inconsistent with pleading a cause of action for Discrimination Based Upon

9  Disability.

10  49.     FEHA prohibits disability discrimination in employment.  FEHA

11  additionally requires an employer which learns about discrimination to conduct an

12  immediate and effective investigation and to provide remedies if needed.

13  50.     Plaintiff suffered from a disability and, as such, is a member of a class

14  protected from disability discrimination under California law.

15  51.     When defendants engaged in the acts of discrimination alleged in this

16  Complaint, they treated plaintiff adversely because of his disability.

17  52.     In doing the acts referenced above, defendants failed to accommodate

18  plaintiff's disability and in doing so defendants violated their affirmative duty to

19  plaintiff.

20  53.     As a proximate result of the aforesaid acts of defendants, plaintiff has

21  foreseeably suffered and continues to suffer substantial loss of earnings and

22  employment benefits in an amount according to proof at the time of trial.  Plaintiff

23  claims such amount as damages together with prejudgment interest pursuant to

24  *Government Code* § 12945, et seq., and/or any other provision of law providing

25  for prejudgment interest.

26  54.     Plaintiff further has incurred additional expenses in his efforts to

27  regain employment, all to his damage in an amount according to proof at the time

28  of trial.

55.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

56.   Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

57.   As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

58.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

59.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

60.   Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

## FOURTH  CLAIM FOR RELIEF

# FAILURE TO ACCOMMODATE

(*Government Code* §12940(k) and (m))

**(Against Defendant HELD and DOES 1-50)**

61.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Accommodate.

62.     *Government Code* §12940(k) and (m) require an employer to provide reasonable accommodations to employees with known physical disabilities.  An employer also has an affirmative duty to inform disabled individuals of other job opportunities, and ascertain whether the employee is interested in, or qualified for said positions.

63.     Defendant HELD independently violated the FEHA by refusing to accommodate plaintiff's disability or perceived disability, by repeatedly not adhering to requested accommodations, by refusing to respond to plaintiff's requests, and by other conduct according to proof.

64.     In doing the acts referenced above, defendants failed to accommodate plaintiff's disability and in doing so defendants violated their affirmative duty to plaintiff.

65.     As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12945, et seq., and/or any other provision of law providing for prejudgment interest.

66.     Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

67.     As a direct and proximate result of the aforementioned wrongful

1  conduct of defendants, plaintiff will suffer additional loss of earnings, reduced
2  earning capacity in the future, and other incidental and consequential damages in
3  an amount according to proof at the time of trial.

4       68.   Plaintiff incurred expenses herein for necessary and reasonable
5  attorneys' fees in order to enforce his rights and to obtain benefits due him, all to
6  his further damage in an amount according to proof.

7       69.   As a proximate result of the conduct complained of herein, plaintiff
8  suffered and continues to suffer embarrassment, humiliation, emotional distress,
9  mental anguish and severe shock to his nervous system, and thereby sustained
10  serious injuries to his physical and mental health, strength and activity, causing
11  him extreme physical and emotional pain, all to his general damage in such amount
12  as may be proven.  Said amount is within the jurisdiction of the Superior Court of
13  the State of California.

14       70.   As a direct and proximate result of the aforementioned wrongful
15  conduct of defendants, plaintiff incurred medical expenses, the exact nature and
16  extent of which are unknown to plaintiff at this time and plaintiff will ask leave of
17  court to amend this complaint in this regard when the same have been ascertained.

18       71.   As a direct and proximate result of the aforementioned wrongful
19  conduct of defendants, plaintiff will be required to incur additional future medical
20  expenses all to his further damage in an amount to be proven at trial.

21       72.   Because the acts taken toward plaintiff were carried out in a
22  deliberate, cold, callous and intentional manner in order to injure and damage
23  plaintiff, plaintiff requests the assessment of punitive damages against defendants
24  in an amount appropriate to punish and make an example of defendants.

25       Wherefore, plaintiff prays for judgment against defendants as hereinafter set
26  forth.

27  **FIFTH  CLAIM FOR RELIEF**
28  **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

FIRST AMENDED COMPLAINT

*(Government Code §12926.1(e))*

**(Against Defendant HELD and DOES 1-50)**

73.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Engage in the Interactive Process.

74.    *Government Code* §12940(n) and §12926.1(e) requires an employer to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response t a request for reasonable accommodation by an employee with a known physical or mental disability or know medical condition.  It is a violation of FEHA to fail to engage in a timely, good faith interactive process.

75.    Defendant HELD independently violated the FEHA by refusing to engage in the interactive process, by refusing to accommodate plaintiff's disability or perceived disability, by repeatedly not adhering to requested accommodations, by refusing to respond to plaintiff's requests, and by other conduct according to proof.

76.    In doing the acts referenced above, defendants failed to accommodate plaintiff's disability and in doing so defendants violated their affirmative duty to plaintiff.

77.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12945, et seq., and/or any other provision of law providing for prejudgment interest.

78.    Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time

1    of trial.

2        79.    As a direct and proximate result of the aforementioned wrongful

3    conduct of defendants, plaintiff will suffer additional loss of earnings, reduced

4    earning capacity in the future, and other incidental and consequential damages in

5    an amount according to proof at the time of trial.

6        80.    Plaintiff incurred expenses herein for necessary and reasonable

7    attorneys' fees in order to enforce his rights and to obtain benefits due him, all to

8    his further damage in an amount according to proof.

9        81.    As a proximate result of the conduct complained of herein, plaintiff

10   suffered and continues to suffer embarrassment, humiliation, emotional distress,

11   mental anguish and severe shock to his nervous system, and thereby sustained

12   serious injuries to his physical and mental health, strength and activity, causing

13   him extreme physical and emotional pain, all to his general damage in such amount

14   as may be proven.  Said amount is within the jurisdiction of the Superior Court of

15   the State of California.

16       82.    As a direct and proximate result of the aforementioned wrongful

17   conduct of defendants, plaintiff incurred medical expenses, the exact nature and

18   extent of which are unknown to plaintiff at this time and plaintiff will ask leave of

19   court to amend this complaint in this regard when the same have been ascertained.

20       83.    As a direct and proximate result of the aforementioned wrongful

21   conduct of defendants, plaintiff will be required to incur additional future medical

22   expenses all to his further damage in an amount to be proven at trial.

23       84.    Because the acts taken toward plaintiff were carried out in a

24   deliberate, cold, callous and intentional manner in order to injure and damage

25   plaintiff, plaintiff requests the assessment of punitive damages against defendants

26   in an amount appropriate to punish and make an example of defendants.

27       Wherefore, plaintiff prays for judgment against defendants as hereinafter set

28   forth.

FIRST AMENDED COMPLAINT

# SIXTH  CLAIM FOR RELIEF

## RETALIATION

(*Government Code* §12940, et seq.)

**(Against Defendant HELD and DOES 1-50)**

85.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Retaliation.

86.    At all times relevant herein, defendants, and each of them, were employers as that term is defined in California *Government Code* §12926, et seq., and as such, were barred from retaliating in employment decisions.

87.    Plaintiff rejected illegal activity, i.e., harassment and discrimination. When plaintiff rejected the harassment and discrimination, he was engaged in a protected activity.

88.    After engaging in this protected activity, defendants, and each of them, engaged in acts of retaliation as alleged in this complaint, including, but not limited to, removing duties from plaintiff and terminating plaintiff.

89.    In doing the acts referenced above, defendants violated their affirmative duty to plaintiff.

90.    The above acts of defendants and each of them caused plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment.  As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, and each of them, plaintiff has suffered damages and injuries set forth below.

91.    As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated.  Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

92.    Plaintiff incurred expenses herein for necessary and reasonable

attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

93.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

94.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

95.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

96.     Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

### SEVENTH  CLAIM FOR RELIEF
### FAILURE TO TAKE ALL REASONABLE STEPS
### TO PREVENT HARASSMENT, DISCRIMINATION AND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RETALIATION**

(*Government Code* §12940, et seq.)

**(Against Defendant HELD and DOES 1-50)**

97.   The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Take All Reasonable Steps to Prevent Harassment, Discrimination and Retaliation.

98.   *Government Code* §12940 et seq., including but not limited to *Government Code* §12940(j)(1), provides that it is an unlawful employment practice for an employer, because of the person's disability, to harass and discriminate against an employee and retaliate against him or her.  An entity shall take all reasonable steps to prevent the harassment, discrimination and retaliation from occurring.

99.   The facts alleged in the Statement of Facts constitute violations of FEHA in that defendants, and each of them, subjected plaintiff to harassment and discrimination.  Plaintiff alleges that defendants' harassment and discrimination against plaintiff was an unlawful employment practice.  Defendants also engaged in acts of retaliation as alleged in this complaint.  Defendants, and each of them, failed to take all reasonable steps necessary to prevent harassment, discrimination and retaliation from occurring in violation of *Government Code* §12940(j)(1) of the Fair Employment and Housing Act.

100.   As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12945, et seq. and/or any other provision of law providing for prejudgment interest.

101.   Plaintiff further has incurred additional expenses in his efforts to

1    regain employment, all to his damage in an amount according to proof at the time

2    of trial.

3        102.   As a direct and proximate result of the aforementioned wrongful

4    conduct of defendants, and each of them, plaintiff will suffer additional loss of

5    earnings,   reduced earning capacity in the future, and other incidental and

6    consequential damages in an amount according to proof at the time of trial.

7        103.   Plaintiff incurred expenses herein for necessary and reasonable

8    attorneys' fees in order to enforce his rights and to obtain benefits due him, all to

9    his further damage in an amount according to proof.

10       104.   As a proximate result of the conduct complained of herein, plaintiff

11   suffered and continues to suffer embarrassment, humiliation, emotional distress,

12   mental anguish and severe shock to his nervous system, and thereby sustained

13   serious injuries to his physical and mental health, strength and activity, causing

14   him extreme physical and emotional pain, all to his general damage in such amount

15   as may be proven.  Said amount is within the jurisdiction of the Superior Court of

16   the State of California.

17       105.   As a direct and proximate result of the aforementioned wrongful

18   conduct of defendants, and each of them, plaintiff incurred medical expenses, the

19   exact nature and extent of which are unknown to plaintiff at this time and plaintiff

20   will ask leave of court to amend this complaint in this regard when the same have

21   been ascertained.

22       106.   As a direct and proximate result of the aforementioned wrongful

23   conduct of defendants, and each of them, plaintiff will be required to incur

24   additional future medical expenses all to his further damage in an amount to be

25   proven at trial.

26       107.   Because the acts taken toward plaintiff were carried out in a

27   deliberate, cold, callous and intentional manner in order to injure and damage

28   plaintiff, plaintiff requests the assessment of punitive damages against defendants,

and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## EIGHTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant HELD and DOES 1-50)

108.   The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Intentional Infliction of Emotional Distress.

109.   As set forth in the Statement of Facts above, plaintiff was harassed, discriminated and retaliated against.

110.   These things bothered plaintiff and plaintiff.

111.   Plaintiff was fired for being disabled and complaining of harassment and discrimination.

112.   Plaintiff had been an outstanding employee.

113.   The acts described in this Complaint, specifically in the Statement of Facts, constitute outrageous conduct by defendants.   Defendant HELD's ratification of said acts is also outrageous.   When defendants did the acts described in this complaint, they did such acts deliberately and intentionally to cause plaintiff severe emotional distress.   Defendants' conduct in confirming and ratifying that conduct was done with knowledge that plaintiff's distress would thereby increase, and was done with wanton and reckless disregard of the probability of causing plaintiff emotional distress.

114.   The above acts of defendants and each of them caused plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment.   As a direct, proximate and foreseeable result of the

aforesaid conduct of the defendants, and each of them, plaintiff has suffered damages and injuries set forth below.

115.   As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated.  Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

116.   As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

117.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

118.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

119.   Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter

FIRST AMENDED COMPLAINT

1    set forth.

# NINTH  CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT

### (Against Defendant HELD and DOES 1-50)

120.   The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of California Family Rights Act.

121.   The California Family Rights Act ("CFRA") was established to ensure secure leave rights for the following: (a) birth of a child for purposes of bonding; (b) placement of a child in the employee's family for adoption or foster care; ( c) for the serious health condition of the employee's child, parent or spouse; (d) or for the employee's own serious health condition.

122.   At all times mentioned herein, defendants were covered employers as that term is defined by law within the CFRA.

123.   At all times mentioned herein, plaintiff was an eligible employee as that term is defined by law  within the CFRA.

124.   At all times mentioned herein, plaintiff suffered from a serious health condition.

125.   At all times mentioned herein, plaintiff qualified for leave under the CFRA; however, defendants never informed him of his rights and prevented plaintiff from taking such leave by failing to inform him of his entitlement to leave.

126.   Defendants' actions constituted a violation of the CFRA.

127.   As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest.

128.   Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

129.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

130.   Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

131.   As a proximate result of the conduct complained of herein, plaintiff suffered and sustained serious injuries to his physical health, strength and activity, causing him extreme physical pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

132.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

133.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

134.   Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of

defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.     For compensatory damages including losses arising from mental and emotional distress and other special and general damages, as allowed by law, for an amount in excess of $50,000 and according to proof at trial;

2.     For an award of punitive damages as allowed by law;

3.     For medical and related expenses, as allowed by law, for an amount in excess of $50,000 and according to proof at trial;

4.     For lost earnings and related expenses,  as allowed by law, for an amount in excess of $50,000 and according to proof at trial;

5.     For attorneys' fees and costs, as allowed by law;

6.     For prejudgment interest on all amounts claimed, as permitted by law;

7.     For liquidated damages as permitted by law; and

8.     For such other and further relief as the Court deems just and proper.

DATED:      February 28, 2017          JAY S. ROTHMAN & ASSOCIATES


                                                  /s/ Jay S. Rothman
                                     _____
                                     JAY S. ROTHMAN
                                     Attorney for Plaintiff
                                     ANDREW GOODEARL


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the foregoing causes of action.

DATED:      February 28, 2017          JAY S. ROTHMAN & ASSOCIATES


                                                  /s/ Jay S. Rothman
                                     _____
                                     JAY S. ROTHMAN
                                     Attorney for Plaintiff
                                     ANDREW GOODEARL

FIRST AMENDED COMPLAINT

**EXHIBIT A**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 28, 2016

Jay S. Rothman
21900 Burbank Blvd Ste 210
Woodland Hills California 91367

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 794537-268116
Right to Sue: Goodearl / Held Properties, Inc

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962,
DFEH will not serve these documents on the employer.  You or your attorney must
serve the complaint.  If you do not have an attorney, you must serve the complaint
yourself. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758                    DIRECTOR KEVIN KISH
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 28, 2016

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 794537-268116
Right to Sue: Goodearl / Held Properties, Inc

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                            DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 28, 2016

Andrew Goodearl
C/o 21900 Burbank Blvd., Ste. 210
Woodland Hills, California 91367

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 794537-268116
Right to Sue: Goodearl / Held Properties, Inc

Dear Andrew Goodearl,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 28, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**D**EPARTMENT OF **F**AIR **E**MPLOYMENT & **H**OUSING                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

2

## BEFORE THE STATE OF CALIFORNIA

3

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

4

5

6   In the Matter of the Complaint of          DFEH No. 794537-268116
    Andrew Goodearl, Complainant.
7   C/o 21900 Burbank Blvd., Ste. 210
    Woodland Hills,  California  91367
8

9   vs.

10   Held Properties, Inc, Respondent.
     1880 Century Park East, Ste. 500
11   Los Angeles,  California 90067

12

13   Complainant alleges:

14

15   1. Respondent **Held Properties, Inc** is a **Private Employer** subject to suit under the
     California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
16   Complainant believes respondent is subject to the FEHA.

17   2. On or around **July 01, 2016**, complainant alleges that respondent took the
     following adverse actions against complainant: **Discrimination, Harassment,**
18   **Retaliation Asked impermissible non-job-related questions, Denied a good**
     **faith interactive process, Denied a work environment free of discrimination**
19   **and/or retaliation, Denied family care or medical leave, Denied reasonable**
     **accommodation, Denied reinstatement, Forced to quit,** .  Complainant believes
20   respondent committed these actions because of their: **Disability, Medical**
     **Condition - Including cancer or cancer related medical condition or genetic**
21   **characteristics** .

22   3. Complainant **Andrew Goodearl** resides in the City of **Woodland Hills**, State of
     **California**.  If complaint includes co-respondents please see below.

Date Filed: December 28, 2016

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**Additional Complaint Details:**

I am on medical leave for a serious medical condition.  No FMLA was offered to me.  I needed accommodation.  Untruthful rumors circulated about my serious disability at work, creating a hostile work environment.  I was apprehensive about my return and fearful I would experience discrimination, harassment and retaliation if I returned.  I resigned.

DFEH 902-1

-6-

*Complaint ± DFEH No. 794537-268116*

Date Filed: December 28, 2016

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

VERIFICATION

I, **Jay S. Rothman, Esq.**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 28, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills, CA**
**Jay S. Rothman, Esq.**

DFEH 902-1

-7-

*Complaint ± DFEH No. 794537-268116*

Date Filed: December 28, 2016