JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1048 PA (SSx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | Andrew Goodearl v. Held Properties, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

       Before the Court are a Motion for Leave to File a First Amended Complaint (Docket No. 13) and a Motion to Remand (Docket No. 14) filed by Plaintiff Andrew Goodearl ("Plaintiff").

       Plaintiff originally filed this action in Los Angeles Superior Court, alleging one federal claim under the Family and Medical Leave Act ("FMLA") and several related state law claims. Defendant Held Properties, Inc. ("Defendant") removed the action, asserting that the Court had original jurisdiction over Plaintiff's FMLA claim and supplemental jurisdiction over Plaintiff's state law claims. In the two motions before the Court Plaintiff seeks leave to file a First Amended Complaint which no longer includes an FMLA claim, after which he requests that this action be remanded to state court because the "Court no longer has jurisdiction to hear this case." (Mot. to Remand at 4.)

       Plaintiff's Motion for Leave to file a First Amended Complaint is granted. Under Federal Rule of Civil Procedure 15, a party may amend a pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). The Court considers five factors when assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original).

       In this case, the relevant factors favor granting Plaintiff leave to amend. Plaintiff has not previously amended the complaint, there is no indication that Plaintiff has acted in bad faith or unduly delayed, and allowing Plaintiff to dismiss the FMLA claim will not prejudice Defendant or be futile.[1]

---

[1]     The Court also notes that Plaintiff could have filed an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1048 PA (SSx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | Andrew Goodearl v. Held Properties, Inc. | | |

Accordingly, Plaintiff's First Amended Complaint (Docket Nos. 12, 14-1) shall be deemed the operative complaint in this matter.

However, Plaintiff's dismissal of his FMLA claim, does not deprive the Court of subject matter jurisdiction over this action. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 640, 129 S. Ct. 1862, 1867, 173 L. Ed. 2d 843 (2009) (holding that where an action has been properly removed based on a federal claim, "[u]pon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims."); Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Millar v. Bay Area Rapid Transit Dist., 236 F. Supp. 2d 1110, 1116 (N.D. Cal. 2002) ("[I]f a case was properly removed, a plaintiff cannot thereafter oust the federal court of jurisdiction by unilaterally changing the case so as to destroy the ground upon which removal was based."). Accordingly, Plaintiff's Motion to Remand is denied.

The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, Plaintiff has dismissed the only claim over which the Court has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Court further exercises its discretion to remand the action. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to Los Angeles Superior Court, Case No. BC645597. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.